IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF MONTANA, *ex rel.* JON MOHATT,<br><br>Relator,<br><br>vs.<br><br>HEALTHCENTER NORTHWEST, LLC, et al.,<br><br>Defendants. | Lead Case No.<br>CV 18–80–M–DWM<br><br>Member Case No.<br>CV 16–125–M–DWM<br><br>ORDER |

On September 26, 2018, the United States was ordered to show cause as to why cause numbers CV 16–125–M–DWM and CV 18–80–M–DWM should not be unsealed in their entirety. (Doc. 14.) In response to that order, the United States requested the Court to maintain the seal on documents discussing its investigative and settlement processes that were filed in camera under 31 U.S.C. § 3730(b)(3). (Doc. 15.) The United States' request is denied.

The False Claims Act, 31 U.S.C. §§ 3729–33, requires the relator's complaint to remain sealed for at least sixty days. 31 U.S.C. § 3730(b)(2), (b)(3). The seal allows the United States to investigate the allegations to decide whether to intervene, prevents defendants from learning of the investigation, and protects the defendant's reputation while the United States decides whether the case should

1

move forward. *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011) (citing S. Rep. No. 99-345, at 24–25 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5289–90). The United States can extend the seal with a showing of good cause, and any supporting briefs or affidavits may be filed in camera. 31 U.S.C. § 3730(b)(3). The Act does not address how long those documents should remain sealed. *See id.* That determination is left to the court's discretion.[1]

In deciding whether to unseal documents, courts balance the public interest in accessing judicial records against the harm that would result from disclosure. "Where disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested, courts have recognized the interest of the public in denying or deferring disclosure." *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). However, because of the fundamental importance of open access to judicial

---

[1] *See, e.g., U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) ("In permitting *in camera* submissions, the statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties."). *See also U.S. by the Dep't of Defense v. CACI Int'l, Inc.*, 885 F. Supp. 80, 82–83 (S.D.N.Y. 1995); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995); *U.S. ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. C–00–2921–SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006); *U.S. v. Creekside Hospice II, LLC*, No. 2:13–CV–00167, 2015 WL 9581743, at *6 (D. Nev. Dec. 30, 2015); *U.S. ex rel. Handal v. Ctr. For Emp't Training*, No. 2:13–CV–01697, 2016 WL 561774, at *2 (E.D. Cal Feb. 12, 2016).

records, *see Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597–98 (1978), maintaining a seal is the exception, not the rule.

Here, the United States has not demonstrated that the harm resulting from disclosure outweighs the public's interest in accessing the documents at issue. First, the United States contends that the documents should remain sealed because they "were filed *ex parte* and have not been served on any other party in the case" and that they "fall squarely within the in camera provisions of section 3730(b)(3)." (Doc. 15 at 4.) But that a document was properly filed under seal does not by itself mean that it should remain under seal. And, as discussed above, the False Claims Act does not contemplate that a seal will endure in perpetuity.

The United States then contends that the documents should remain under seal because they discuss its "investigative and settlement processes." (*Id.* at 5.) However, this case has already settled, (Doc. 13), which means that any investigative and settlement processes are complete. The seal, then, has accomplished its purpose of allowing the United States time to decide how to proceed. *See Am. Civil Liberties Union*, 673 F.3d at 250. Further, the United States does not argue that any information in the documents is confidential or that it poses harm to non-parties. (*See* Doc. 15.) Rather, the documents convey general information about the already-completed investigation and information that has been public since June 2018, when the amended complaint in the first-filed of

3

these consolidated actions was unsealed, (Doc. 18 in CV 16–125–M–DWM).

Accordingly,

IT IS ORDERED that the Clerk of Court is directed to unseal cause numbers CV 16–125–M–DWM and CV 18–80–M–DWM in their entirety.

DATED this 28th day of September, 2018.

Donald W. Molloy, District Judge
United States District Court